UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYNALDO OLIVARES individually and
on behalf of their daughter, Brianna
Olivares, a minor; LEIDA LOPEZ
individually and on behalf of their
daughter, Brianna Olivares, a minor,

        Plaintiffs,

vs.                    Case No.  2:07-cv-708-FtM-29SPC

DOCTOR'S OSTEOPATHIC MEDICAL CENTER,
INC. a Florida corporation doing
business as Gulf Coast Hospital;
UNITED STATES OF AMERICA,

        Defendants.
_____

**OPINION AND ORDER**

_____This matter comes before the Court on United States' Motion to
Dismiss (Doc. #23) filed on December 28, 2007.  Plaintiffs filed a
Response (Doc. #41) on April 28, 2008.

**I.**

Rule 12(b)(1) motions challenging the subject matter
jurisdiction of the court come in two forms, a "facial" attack
motion and a "factual" attack motion.  Morrison v. Amway Corp., 323
F.3d 920, 924 n.5 (11th Cir. 2003).  A facial attack challenges
subject matter jurisdiction based on the allegations in the
complaint; the court takes the allegations in the complaint as
true, and the complaint may be dismissed only if it is clear that
no relief could be granted under any set of facts that could be
proved consistent with the allegations.  Morrison, 323 F.3d at 924

n.5.  In a factual attack motion, the court is not limited to the facts alleged in the Complaint, but may consider extrinsic evidence such as testimony and affidavits as long as the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.  <u>Morrison</u>, 323 F.3d at 924-25; <u>Goodman v. Sipos</u>, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).  The United States in this case mounts a factual attack on the Amended Complaint.

## II.

The relevant background facts are as follows:  On December 29, 2004, plaintiff Leida Lopez was admitted to Gulf Coast Hospital (GCH).  On December 30, 2004, Leida Lopez gave birth to Brianna Olivares, with the assistance of midwife Elizabeth Blake, an employee of Family Health Centers of Southwest Florida (FHC), and other GCH employees.  During the delivery process, Brianna suffered a right shoulder injury resulting in decreased movement.  The injury was documented in the medical records.  Leida and Brianna Olivares were discharged from GCH on January 1, 2005. (Doc. #2, ¶¶ 12-14.)

On May 9, 2005, plaintiffs contacted attorney Allen Fuller to discuss their daughter's injuries, and executed the retainer agreement in September 2005.  (Doc. #41-2, pp. 1-2.)  Plaintiffs provided the attorney with eight pages of medical records that provided no indication of the involvement of either FHC or Blake. One year later, in October 2006, plaintiffs' attorney requested additional medical records relating to Brianna's birth from GCH.

-2-

(Doc. #41-1, p. 2.)  Subsequently, on November 2, 2006, plaintiffs filed a statutory petition to extend the statute of limitations for medical malpractice actions; and on November 8, 2006 plaintiffs initiated pre-suit notice to GCH and other unknown defendants.  The following day, plaintiffs requested records from FHC.  On November 27, 2006, GCH informed plaintiffs that Blake was an employee of FHC.  (Doc. #41-1, p. 2.)

On March 26, 2007, plaintiffs sent pre-suit notices to Blake and FHC, in which plaintiffs requested "details on any defenses that Blake and FHC might have, including as to whether they might not be the proper party."  (Doc. #41-2, ¶10.)  On March 27, 2007 plaintiffs filed suit against GCH.

On April 4, 2007, FHC contacted plaintiffs and informed them that Blake worked for FHC, which was a federal institution.  On August 23, 2007, plaintiffs filed an Amended Complaint adding FHC and Blake as defendants, and subsequently filed an administrative claim in October 2007.[1]  (Docs. # 41, p. 5; 41-1, ¶14.)

### III.

On January 6, 2008, the Court, with plaintiffs' consent (Doc. #25), dismissed defendants Blake and FHC, and substituted the United States as the defendant with respect to any claims asserted against the dismissed defendants.  The United States now moves to

---

[1]The Court notes that the Response indicates that the Form 95 remains pending (Doc. #41, n.1) while the supporting affidavit implies that the administrative claim was denied for being untimely (Doc. #41-1, ¶14).

dismiss Counts Two and Three on the ground that plaintiffs failed to timely file an administrative claim under the Federal Tort Claims Act (FTCA). (Doc. #23.) Plaintiffs concede that a claim was not filed within the two year statute of limitations, but assert that the two year limitation on filing an administrative claim was subject to equitable tolling under the facts of this case. (Doc. #41.)

In Jones v. United States, No. 3:05-cv-1163, 2007 WL 4557211 (M.D. Fla. Dec. 21, 2007)[2], appeal docketed, No. 08-10145 (11th Cir. Jan. 9, 2008), the Honorable Timothy J. Corrigan addressed the same issues now before this Court, including: (1) whether a plaintiff's ignorance of a tortfeasor's status as a federal employee excuses plaintiff's failure to file a timely administrative claim and (2) the standard under which equitable tolling may apply in an FTCA case. Thus, the Court will adopt and incorporate herein Judge Corrigan's analysis of the law.

In this case, there is no dispute that plaintiffs became aware of the injury on December 30, 2004. However, plaintiffs filed their administrative claim in October 2007, more than nine months after the two year FTCA statutory requirement to file an administrative claim had lapsed. Plaintiffs' assertion that a claim does not accrue until the discovery of the injury, its cause and the employment status of the alleged tortfeasor is without

_____

[2]Copy of Order attached.

merit.  The Eleventh Circuit has ruled that a medical malpractice FTCA claim accrues when "the plaintiff knows of both the injury and its cause."  Diaz v. United States, 165 F.3d 1337, 1339 (11th Cir. 1999)(citing United States v. Kubrick, 444 U.S. 111, 122 (1979)). Accrual of a claim is not dependant on plaintiffs' knowledge of the tortfeasor's employment status.  See, e.g., Gould v. Dep't of Health & Human Servs., 905 F.2d 738 (4th Cir. 1990); Ingram v. United States, 443 F.3d 956 (8th Cir. 2006).  Thus plaintiffs' claim accrued on December 30, 2004, the date of the injury, because plaintiffs were aware of the injury and its cause.  Plaintiffs had two years form that date to discover the identity of the medical staff present during the delivery, as well as their employers, and file an administrative claim with the appropriate federal agency. It is noteworthy that plaintiffs waited approximately nine months before retaining counsel (Doc. #41-1, ¶4), who in turn waited an additional twelve months before contacting GCH to request any documents (see id.).  Thus the Court finds that the administrative claim was not timely filed.

Plaintiffs assert that the statute of limitations was "equitably tolled by the United States' withholding of information sufficient to satisfactorily demonstrate federal employee status of Blake."  (Doc. #41, p. 3.)  In support of their assertion plaintiffs cite GCH's failure to respond to their October 2006 request for documents From GCH (Doc. #41, p. 4) and FHC's failure

to respond to plaintiffs' March 26, 2007 pre-suit notice (Doc. #41-1, ¶10).

The Court finds that equitable tolling is not appropriate under the facts of this case. Equitable tolling is only available in "extraordinary circumstances that are both beyond [plaintiff's] control and unavoidable even with diligence." Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006). Plaintiffs do not cite to any extraordinary circumstances. GCH informed plaintiffs that Blake was FHC's employee on November 27, 2006 and provided the requested documents on December 6, 2006. The Court is not prepared to penalize the government for plaintiffs' delay in seeking the information necessary to file the administrative claim. The Court notes that although plaintiffs knew of FHC's involvement prior to the expiration of the two year statute of limitations, their first direct contact with FHC was on March 26, 2007, three months after the statute of limitations lapsed. The Court also notes that there are no allegations that the government deliberately misled plaintiffs about the status of Blake or FHC. Therefore, the Court cannot just justify the use of equitable tolling under these circumstances.

Accordingly, it is now

**ORDERED:**

1.   United States' Motion to Dismiss (Doc. #23) is **GRANTED** and Counts Two and Three are **dismissed.**

2.    The  Clerk  shall  withhold  the  entry  of  judgment  as
defendant  Gulf  Coast  Hospital's  cross-claim  (Doc.  #30)  remains
pending against the government.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of
August, 2008.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record