```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

RAYNALDO OLIVARES individually and
on behalf of their daughter, Brianna
Olivares, a minor; LEIDA LOPEZ
individually and on behalf of their
daughter, Brianna Olivares, a minor,

               Plaintiffs,

vs.                                     Case No. 2:07-cv-708-FtM-29SPC

DOCTOR'S OSTEOPATHIC MEDICAL CENTER,
INC. a Florida corporation doing
business as Gulf Coast Hospital;
UNITED STATES OF AMERICA,

               Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Doctor's Osteopathic Medical Center, Inc., d/b/a Gulf Coast Hospital's Motion to Dismiss (Doc. #9) filed on November 20, 2007. Plaintiffs filed a Response (Doc. #48) on July 29, 2008.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 2007 WL at *3; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

The relevant facts are as follows: On December 29, 2004, plaintiff Leida Lopez was admitted to Gulf Coast Hospital (GCH). On December 30, 2004, Leida Lopez gave birth to Brianna Olivares (Brianna). During the delivery process, Brianna suffered a right shoulder injury resulting in decreased movement. The injury was

documented in the medical records.  (Doc. #2, ¶¶ 12-14.)  Leida Lopez and Reynaldo Olivares ("parents") initially filed suit against GCH on behalf of their daughter.  Subsequently, on August 24, 2007, they filed an Amended Complaint asserting their own claims for damages.  (Doc. #2.)

### III.

GCH asserts that the parents' individual claims should be dismissed for being untimely. Specifically, defendant asserts that the statute of limitations for a medical malpractice claim is two years, and in this case the parents' claim was filed nearly eight months too late.  (Doc. #9, p. 4.)

An amendment relates back to the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  FED. R. CIV. P. 15(c)(2). Although not explicitly addressed by Rule 15(c)(3), a plaintiff may seek to add an additional plaintiff, but faces a more stringent rule than Rule 15(c)(2).  Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1131-1132 (11th Cir. 2004).  Under Federal Rule of Civil Procedure 15(c)(3), a plaintiff's amended complaint will relate back to the original complaint if: (1) Section (c)(2) is satisfied; (2) defendant(s) will not be unfairly prejudiced; and (3) defendant(s) knew or should have known that it would be called upon to defend against claims asserted by the newly-added plaintiff.  Cliff, 363 F.3d at 1132.  Thus, Rule 15(c)(3) requires

consideration of both prejudice and notice when adding a party. Id. at 1131.

In this case, the parents' individual claims clearly arose from the same set of facts as Brianna's claims in the original pleading.  The Court finds that the parents' claim stems from their relationship with Brianna; GCH was on notice of the potential claim of the parents; and defendant would not now be prejudiced by the addition of the parents or their claims.  See, e.g., Williams v. United States, 405 F.2d 234, 239 (5th Cir. 1968)[1](holding that since mother's claim predictably arose from tortious injury to son, defendant was put on notice because the "circumstances of these individuals was such as would reasonably indicate a likelihood that the parent would incur losses of a recoverable kind.")  Defendants reliance on Brown v. Caldwell, 389 So. 2d 287 (Fla. 1st DCA 1980) for the proposition that a parent's claim is a separate and independent cause of action is misplaced.  In Brown, the court only addressed the type of damages parents are entitled to in their individual capacity and on behalf of their children, and not the relation back doctrine.  Brown, 389 So. 2d at 288.  Therefore, the Court finds that under FED. R. CIV. P. 15, the parents' claim relates back to the original complaint and thus is not barred by the statute of limitations.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

GCH also asserts that the Court should strike the parents' damage claims for "heartbreak" and Biranna's damage claims for "past and continuing medical care expenses." GCH argues that Florida law only allows recovery for filial consortium when the child's injury is of a permanent nature, and that any such damages are available only for the period until the child attains majority. Furthermore, as a child Brianna cannot legally recover medical expenses. (Doc. #9, p. 6.)

The parents concede that as to economic damages, they are limited to those incurred while Brianna is a minor. However, plaintiffs assert that Brianna is entitled to recover all her damages without limitations. (Doc. #48, p. 4.)

The Amended Complaint alleges that Brianna's injuries "may never resolve." (Doc. #2, ¶18.) Such an allegation is sufficient at this stage of the proceedings to support a claim for filial consortium. Thus, the Court finds that the parents' claim for filial consortium is valid to the extent that it is limited to the period that Brianna is a minor. See Cruz v. Broward County Sch. Bd., 800 So. 2d 213, 217 (Fla. 2001). As for Brianna's damages claim, the medical expenses incurred prior to attaining the age of majority belongs to the parents. Brown, 389 So. 2d at 288. Therefore the Court will strike Brianna's damages claim to the extent that she seeks recover for medical expenses incurred while she is a minor.

Accordingly, it is now

**ORDERED:**

Defendant Doctor's Osteopathic Medical Center, Inc., d/b/a Gulf Coast Hospital's Motion to Dismiss (Doc. #9) is **GRANTED** as follows:

A.  Reynaldo Olivares and Leida Lopez's claim for filial consortium is stricken to the extent it seeks to collect damages for the period after Brianna Olivares attains the age of majority.

B.  Brianna Olivares' claim for past and future medical expenses is stricken to the extent that it seeks to recover medical expenses incurred prior to attaining the age of majority.

The Motion to Dismiss (Doc. #9) is otherwise **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of August, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:

Counsel of record